T.C. Memo. 2019-41

UNITED STATES TAX COURT

CHARLES W. MONROE AND REBECCA A. MONROE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7107-17.                          Filed April 24, 2019.

<u>E. Robert Clifton</u>, for petitioners.

<u>Kimberly L. Clark</u> and <u>Catherine J. Caballero</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  Respondent determined a deficiency in petitioners' 2015

Federal income tax of $9,645 and an accuracy-related penalty under section

[*2] 6662(a) of $1,875.[1]  After concessions by the parties,[2] the only issue

remaining for decision is whether petitioners are eligible for the premium tax

credit (PTC) for 2015.

Background

The parties submitted this case fully stipulated pursuant to Rule 122.[3]  Some

of the facts have been stipulated and are so found.  The stipulation of facts and the

attached exhibits are incorporated herein by this reference.

Petitioners are husband and wife, and they resided in California when they

filed their petition.  They have a family size of two people for Federal income tax

purposes.

In 2015 petitioner husband received $35,651.80 of Social Security benefits.

The payment was attributed to (1) $5,297 of 2015 Social Security benefits; (2) a

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[2]The parties stipulated that for 2015 petitioners:  (1) are allowed an
additional State and local tax deduction of $87; (2) are allowed an additional
withholding credit of $269; (3) failed to report wages of $5,207; (4) failed to
report unemployment benefits of $237; and (5) are liable for the section 6662(a)
penalty that is attributable to the unreported wages and unemployment benefits,
but they are not liable for the penalty attributable to any other items.

[3]We issued an order on February 23, 2018, granting the parties' joint motion
to submit this case without trial pursuant to Rule 122.

[*3] $348 lump-sum payment related to 2014; (3) a $10,247 lump-sum payment related to 2013; (4) a $10,943 lump-sum payment related to 2012; (5) a $2,607 lump-sum payment related to 2011; (6) $6,000 of attorney's fees; and (7) $209.80 of Medicare Part B premiums deducted from petitioners' benefits.

From January 1 through August 31, 2015, petitioners were enrolled in a health insurance plan through the California health insurance marketplace. Petitioners received monthly advance payments of the PTC (APTC) of $1,059 to cover a portion of the cost of the monthly health insurance premiums. Petitioners received $8,472 of total APTCs in 2015.

Petitioners timely filed a joint Federal income tax return for 2015 on which they made a section 86(e) election. For 2015 they had adjusted gross income of $38,497, consisting of $34,176 of wages, $237 of unemployment compensation, and $4,084 of taxable Social Security benefits.[4] Petitioners did not report any excess APTCs, and they did not file a Form 8962, Premium Tax Credit (PTC).

The Commissioner selected petitioners' return for examination. He determined that petitioners were ineligible for the PTC because their household income for a family of two exceeded 400% of the amount equal to the Federal

---

[4]The parties stipulated to these amounts.

**[*4]** poverty line, and he issued petitioners a notice of deficiency.[5] Petitioners timely filed a petition with this Court.

Discussion

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that they are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners do not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

The issue we must decide is whether petitioners are eligible for the PTC, which is generally available to taxpayers with a household income of at least 100% but not more than 400% of the amount equal to the Federal poverty line. Sec. 36B(c)(1); sec. 1.36B-2(b)(1), Income Tax Regs. Household income is the sum of the taxpayer's modified adjusted gross income (MAGI) plus the MAGI of family members: (1) for whom the taxpayer properly claims deductions for personal exemptions and (2) who were required to file a Federal income tax return under section 1. Sec. 36B(d)(2).

---

[5]After issuing the notice of deficiency, the Commissioner issued petitioners an updated report reducing the amount of taxable Social Security benefits on the basis of petitioners' sec. 86(e) election.

[*5]  This case turns on whether petitioners' MAGI as defined by section 36B(d)(2)(B) exceeds 400% of the amount equal to the 2015 Federal poverty line. The parties disagree as to how the section 86(e) election affects the section 36B(d)(2)(B) calculation of MAGI.  Petitioners contend that MAGI does not include Social Security benefits received during the taxable year that are attributable to prior years by reason of a section 86(e) election.  Respondent contends that MAGI includes all Social Security benefits received during the taxable year regardless of whether a taxpayer makes a section 86(e) election.

The parties have stipulated that if petitioners' contention is correct then their MAGI will be less than 400% of the amount equal to the Federal poverty line.  If respondent's contention is correct then petitioners' MAGI will be $70,065.80,[6] and the parties have stipulated that $70,065.80 exceeds 400% of the amount equal to the Federal poverty line.

In Johnson v. Commissioner, 152 T.C. __, __ (slip op. at 12-13) (Mar. 11, 2019), we recently decided that MAGI as defined under section 36B includes all Social Security benefits received during the taxable year, irrespective of a section 86(e) election.  Thus, petitioners' MAGI exceeds 400% of the amount equal to the

---

[6]This consists of $35,652.80 of Social Security benefits, $34,176 of wages, and $237 of unemployment compensation.

**[\*6]** Federal poverty line.  We therefore sustain the Commissioner's determination that petitioners are ineligible for the PTC for 2015.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.